# IN THE UNITED STATES DISTRICT COURT IN AND FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| EDDY VAN DER GOOT,<br><br>   Plaintiff,<br><br>v.<br><br>REMBRANDT ENTERPRISES, INC.,<br><br>   Defendants. | Civil Action No.   _1:14-cv-128__<br><br><br>"Diversity" / Jury |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Eddy van der Goot, for his claims for relief against Defendant Rembrandt Enterprises, Inc., states:

### PARTIES, JURISDICITON AND VENUE

1. Plaintiff Eddy van der Goot is a citizen of the Netherlands.

2. Defendant Rembrandt Enterprises, Inc. (hereinafter referred to as "Rembrandt") is a corporation incorporated and existing under the laws of the state of Iowa and maintaining a principal place of business in Rembrandt, Buena Vista County, Iowa.

3. The March 22, 2013 incident that is the subject of this lawsuit occurred on the premises of an egg processing plant in Thompson, Winnebago County, Iowa that is owned and operated by Defendant Rembrandt.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332(a)(1), because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

5. Pursuant to 28 U.S.C. §1391(a), venue is proper in the Northern District of Iowa because a substantial part of the events giving rise to Plaintiff's claims for relief as alleged herein, including incident that is the subject of this lawsuit and resulting injuries to Plaintiffs, occurred in Winnebago County, Iowa.

## FACTUAL BACKGROUND

6. On March 22, 2013, Plaintiff Eddy van der Goot had been sent by his employer, Moba BV (a Dutch corporation) to assist with installation of an egg scanner system at Defendant Rembrandt's egg processing plant in Thompson, Winnebago County, Iowa.

7. At the same time as the above-referenced egg scanner installation, Defendant Rembrandt was engaged in a clean-in-place (CIP) process of pipes and other parts of its processing equipment at Defendant's Thompson, Iowa facility.

8. The above-referenced CIP process required a rearrangement of the standard running connection of some pipes to complete a cleaning circuit for continuous circulation of the utilized cleaning solution. As a part of this rearrangement, some pipe connections had to be capped and clamped.

9. At the above-mentioned time and place, Plaintiff was standing on an operator platform, working on the egg scanner system installation when a pipe connection, capped and clamped as part of the CIP process, burst below and sent hot caustic

cleaning solution into the air and showering Plaintiff with the extremely hot and harmful solution.

10. As a result of the above-described incident, Plaintiff sustained serious chemical and thermal burn injuries to his body and sustained permanent damage to his eyes.

11. As a result of his injuries, Plaintiff has been caused in the past and will be caused in the future to suffer mental and physical pain, suffering and anguish, loss of enjoyment of life, loss of function, loss of wages and loss of earning capacity, and to incur expenses for doctors, nurses, hospitalization, physical therapy, attendants, care givers, drugs, medicine, and other care and treatment related to said injuries and their consequences.

## **CLAIMS FOR RELIEF AGAINST DEFENDANT REMBRANDT ENTERPRISES, INC.**

12. The source and cause of the above described pipe cap/clamp failure was Defendant Rembrandt's improper installation of a cap/clamp used to close off the pipe for the (CIP) process that was taking place at the facility.

13. Defendant Rembrandt, through its employees, contractors, agents and/or others acting under its direction and control, was negligent in the following particulars:

    a. Failing to properly supervise the clean-in-place (CIP) process;

    b. Failing to use proper safety and operational procedures in carrying out the CIP process;

    c. Failure to properly secure, seal and test all pipe connection caps and clamps prior initiating the CIP process;

    d. Failure to clear individuals out of the area in and around where the CIP process was being performed;

e. Failure to warn individuals in the area of where the CIP process was being performed;

   f. Failure to exercise reasonable care when engaging in conduct that created a risk of physical harm to Plaintiff and others similarly situated;

   g. Other unspecified acts of negligence.

14. The above-mentioned incident as well as the resulting injuries and damages sustained by Plaintiff were caused by the negligence of Defendant Rembrandt.

15. The above-mentioned incident, as well as the harms sustained by Plaintiff were within the scope of the liability of Defendant Rembrandt and said injuries and damages arose from the same general types of danger that Defendant Rembrandt should have taken reasonable steps to avoid.

16. Defendant Rembrandt is vicariously liable for the negligence of its employees, contractors, agents, and others acting under its direction and control.

WHEREFORE, Plaintiff Eddy van der Goot prays for judgment against Defendant Rembrandt Enterprises, Inc. in an amount which will fully and completely compensate him for all damages sustained, together with interest thereon as provided by law, and for the costs of this action.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

_____
BRIAN P. GALLIGAN AT0002632
GALLIGAN REID P.C.
The Plaza - Suite 5
300 Walnut Street
Des Moines, Iowa, 50309-2239
Telephone: (515) 282-3333
Facsimile: (515) 282-0318
E-mail: bgalligan@galliganlaw.com

ATTORNEY FOR PLAINTIFF